NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ELONZA JESSE TYLER,

        Plaintiff - Appellant,

  v.

DENNIS C. SMITH; et al.,

        Defendants - Appellees.

No. 10-17419

D.C. No. 1:04-cv-06638-LJO-SMS

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted November 8, 2011[**]

Before:    O'SCANNLAIN, TASHIMA, and GRABER, Circuit Judges.

    Elonza Jesse Tyler, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate

indifference to his medical needs. We have jurisdiction under 28 U.S.C. § 1291.

We review de novo a dismissal for failure to state a claim under 28 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§§ 1915A and 1915(e)(2). *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm in part, reverse in part, and remand.

The district court properly dismissed Tyler's claims against defendant Erly because Tyler failed to allege facts to show that Erly was deliberately indifferent to his medical needs. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (standard to state claim for relief); *see also Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (a prison official must know of and disregard an excessive risk of harm to a prisoner's health to be liable under the Eighth Amendment).

However, a review of the complaint indicates that Tyler had stated a claim for deliberate indifference against defendant Smith regarding the delays in orthopedic treatment of his knee injury. Tyler alleged facts to show that, as a result of his grievances and appointments with Smith, Smith was aware of Tyler's pain and mobility problems, but delayed in referring Tyler to an orthopedist. *See Jett v. Penner*, 439 F.3d 1091, 1096-98 (9th Cir. 2006) (delay of treatment for serious medical need about which inmate filed medical slips and grievances can amount to deliberate indifference if the delay leads to further injury or unnecessary pain). Accordingly, we reverse the district court's judgment as to this claim and remand for further proceedings.

Tyler's remaining contentions are unpersuasive.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**